### JOHN F. GREENE *vs.* PETER ROBINSON.

*A* took *B's* notes for the use by *B* of a patent belonging to him, and agreed to credit on the notes "any amount he may receive from *S* for the use of said patent to this date, over $480." He had at that time received from *S* on that account $360 and soon after received $540 more. ' Held that the $360 was not to be included in the calculation, the term "may receive" being properly applicable only to money thereafter received.

ASSUMPSIT on a promissory note; brought to the Superior Court in Fairfield County. Facts found by a committee, and judgment rendered for the plaintiff by *Beardsley, J.* Motion in error by the defendant. The case is fully stated in the opinion.

*Booth,* for the plaintiff in error.

*White,* for the defendant in error.

PHELPS, J. The plaintiff was the patentee of a certain invention for extracting stiffening from hat roundings, and the defendant a manufacturer of hats, and on the 26th day of March, 1870, the following agreement in writing was executed by the plaintiff to the defendant.

"This is to certify that I, John F. Greene, have received from Peter Robinson, of Danbury, Connecticut, his notes of this date, one at eight months, and one at twelve months, each for five hundred dollars, in settlement for the use of the said John F. Greene's re-issue of patent No. 2086. And it is hereby agreed by the said John F. Greene that he will credit on said notes any amount he may receive from William Souls & Co. of Brooklyn, New York, for the use of said patent to this date, over and above four hundred and eighty dollars; and also any amount over and above fifteen hundred dollars that he may receive from Samuel Slater of Pumpton, New Jersey, for the use of said patent to date."

The last note mentioned in the agreement, and the clause in it referring to the use by Samuel Slater of the plaintiff's invention, are disposed of by the committee in his finding, and therefore with respect to them no questions arise.

It appears by the record that prior to the execution of

the agreement Souls & Co. had paid the plaintiff for the use by them of his patent, the sum of three hundred and sixty dollars, and afterwards paid him for the same up to the date of the agreement the further sum of five hundred and forty dollars. The defendant claimed that by the terms of the agreement he was entitled to have deducted from the plaintiff's demand the three hundred and sixty dollars which had theretofore been paid, as well as the excess over four hundred and eighty dollars subsequently paid.

The Superior Court decided adversely to the defendant's claim, and it is assigned for error that the court mistook the law in the judgment which it rendered. The result of the question entirely depends on the proper construction of a single clause in the plaintiff's agreement. The promise by the plaintiff is to credit on the defendant's notes any amount he " may receive " from Souls & Co. over and above four hundred and eighty dollars.

It seems very clear that the words " may receive," in the connection in which they are used, apply only to the five hundred and forty dollars subsequently received, and have no reference to the three hundred and sixty dollars which had previously been paid. The grammatical construction of the language is too obvious to be reasonably questioned, and its ordinary and common sense import appear equally certain. There is no error.

In this opinion the other judges concurred.